IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHALEEN LOVETT, Individually and as Next Friend for R.C., <br><br> *Plaintiff*, <br> v. <br><br> BRIGHT HORIZONS CHILDREN'S CENTER, LLC, a/k/a BRIGHT HORIZONS FAMILY SOLUTIONS, LLTC, <br><br> *Defendant*. | § § § § § § § § § § § § | Civil Action No.  SA-20-CV-688-XR |

### ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff Shaleen Lovett's motion to remand (docket no. 5) and Defendant Bright Horizons Children's Centers, LLC response in opposition. After careful consideration, Plaintiff's motion to remand (docket no. 5) is GRANTED.

### BACKGROUND

This case concerns an incident in which Plaintiff's minor child was allegedly harmed while in the care and custody of Bright Horizons. Plaintiff's original petition alleges that on December 7, 2018, her child, R.C., was an invitee and/or authorized visitor on the premises controlled by Defendant. Docket no. 1-3 at 2. Plaintiff alleges that she received a call from the daycare to inform her that R.C. was having a seizure and not breathing. *Id.* R.C. was rushed to Metropolitan Methodist Children's Hospital, where doctors informed Plaintiff that R.C. had a subdural hematoma, *i.e.* brain bleeding, on both sides of his brain as well as ruptured retinas, concluding that the injuries were the result of "violent shaking." *Id.* at 2–3.

Plaintiff filed her Original Petition in the District Court for the 150th Judicial District of Bexar County, Texas on May 6, 2020 against Bright Horizons, bringing claims for multiple forms of negligence, premises liability, and gross negligence. The Original Petition does not identify the

individual employee alleged to have caused the harm. *See id.* at 4 (describing "the unknown employee who perpetrated the act of violence against Plaintiff R.C."). Plaintiff sought damages "up to and including the sum of $50,000,000." *Id.* at 7.

Bright Horizons was served on May 18, 2020. Docket no. 1-4. On June 8, Bright Horizons timely removed the case to this Court on the basis of diversity jurisdiction, noting that it and Plaintiff are diverse. Docket no. 1. Plaintiff then filed the instant motion to remand on June 11. Docket no. 5. Therein, Plaintiff contends that she filed her First Amended Original Petition on June 5, before the removal, and added Texas citizen Krystal Leiann Clark, the alleged individual who injured R.C., as an additional defendant. Plaintiff correctly contends that the addition of Clark defeats diversity and requires that this case be remanded.

## ANALYSIS

### I.     Legal Standard

A defendant may remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction, the basis of removal relevant here, involves cases where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). The purpose is to "prevent apprehended discrimination in state courts" against out-of-state litigants. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). Courts have interpreted § 1332(a) to require "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

### II.    Application

The Amended Notice of Removal in this case alleges this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity and the amount-in-

controversy exceeds $75,000. Docket no. 6 at 2. The Notice of Removal alleges that Plaintiff (and her child, R.C.) are both Texas citizens, while Defendant is a citizen of Massachusetts, as each of its individual members are citizens of Massachusetts. *Id.* at 3. Plaintiff correctly argues, however, that Clark—added in her amended petition before removal—is a citizen of Texas, thus destroying complete diversity because both Plaintiff and Clark are Texas citizens. Docket no. 5 at 5 (citing docket no. 5-1 at 14).

Bright Horizons does not contest that Clark is a Texas citizen or that Clark was added as a party defendant before removal. Bright Horizons contends that Clark's Texas citizenship does not destroy diversity jurisdiction because she had not yet been served at the time of removal, citing 28 U.S.C. § 1441(b)(2), the so-called "forum-defendant rule." Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This procedural rule precludes removal on the basis of diversity jurisdiction if any "properly joined and served" defendant is a citizen of the forum state. Because of the "properly joined and served" language, many courts, including the Fifth Circuit, have held that, if a forum defendant has not yet been served, § 1441(b)(2)'s forum-defendant rule has no application and does not preclude removal. *Tex. Brine Co., LLC v. Am. Arb. Assn, Inc.*, 955 F.3d 482 (5th Cir. 2020); *see also* Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 U<small>NIV.</small> <small>OF</small> C<small>INN.</small> L. R<small>EV.</small> 541 (2018) (examining the law on snap removals).

However, Bright Horizons confuses the forum-defendant rule in § 1442(b)(2) with the requirement of original diversity jurisdiction in § 1332. Section 1332 creates original jurisdiction when the action is between citizens of different states. Whether a party has been served has no

relevance to whether diversity of citizenship exists for jurisdictional purposes. The forum-defendant rule is a procedural rule, does not affect whether a federal court has diversity jurisdiction, and does not alter the fundamental rule that a removing defendant must demonstrate diversity of citizenship among the parties, whether served or unserved. For the forum-defendant rule to even be triggered, the civil action must be "otherwise removable solely on the basis of" diversity jurisdiction. A case with a Texas plaintiff and a Texas defendant is not removable on the basis of diversity jurisdiction.

In sum, when evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served. *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998). Thus, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id*. "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id*.; *DTND Sierra Investments, LLC v. Bank of New York Mellon Trust Co.*, No. 12-CV-1014-XR, 2013 WL 432923, at *1 n.2 (W.D. Tex. Feb. 4, 2013); *see also* 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party[.]").[1]

---

[1] The cases cited by Bright Horizons do not support its position. In *Donnelly v. Nissan Motor Co., Ltd.*, No. 5:19-CV-0882-JKP, 2019 WL 6340153, *3 (W.D. Tex. Nov. 26, 2019), Judge Pulliam was simply construing the forum-defendant rule in a case in which diversity jurisdiction existed. *Id.* ("[D]iversity jurisdiction exists in this case whether or not Plaintiffs properly joined any Texas citizen. This is so, because Plaintiffs are not citizens of Texas and share no state citizenship with NML. This is not a case where the plaintiffs joined a Texas citizen to defeat diversity jurisdiction. In this case, the joinder of a Texas citizen as a defendant is relevant only to the extent it may prevent

Accordingly, the Court must consider Clark in determining whether it has diversity jurisdiction over this removed action, regardless of whether she has been served. Because Plaintiff and Clark are both citizens of Texas, diversity of citizenship is lacking and the case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (docket no. 5) is GRANTED. The Court lacks subject matter jurisdiction, and, accordingly, the case is REMANDED pursuant to 28 U.S.C. § 1447(c)-(d).

It is so ORDERED.

SIGNED this 19th day of June, 2020.

                          XAVIER RODRIGUEZ
                          UNITED STATES DISTRICT JUDGE

---

removal under the forum-defendant rule of § 1441(b)(2)."). The same is true in *Reynolds v. Personal Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015); as Judge Ezra explained, "Because the parties are completely diverse, the only question at issue in Plaintiffs' Motion for Remand is whether the forum-defendant rule set out in 28 U.S.C. § 1441(b)(2) renders Cactus Drilling's removal improper."